IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Angie and Leonard King, | Civil Action No.: 1:13-cv-00616 |
| Plaintiffs, | |
| v. | |
| CitiFinancial, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiffs, Angie and Leonard King by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA") and the North Carolina Debt Collection Practices Act by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Angie and Leonard King ("Plaintiffs"), are adult individuals residing in Haw River, North Carolina and are each a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant CitiFinancial, Inc. ("CitiFinancial"), is a business entity with an address of 7756 North Point Boulevard, Winston Salem, North Carolina 27106, is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Within the last four years, CitiFinancial placed calls to Plaintiffs' respective cellular telephones at numbers xxx-xxx-8778 and xxx-xxx-3324.

7. At all times referenced herein, CitiFinancial placed calls to Plaintiffs' cellular telephones by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

8. When Plaintiffs answered the calls from CitiFinancial, they were met with a period of silence and had to wait to be connected to a live representative to whom they could speak.

9. CitiFinancial originally had express consent to contact Plaintiffs at their cellular telephones, however Plaintiffs repeatedly revoked consent to be called at their cellular telephones and gave CitiFinancial their residential number for future communications. Therefore, CitiFinancial no longer had consent to call Plaintiffs at their cellular numbers after having been directed to cease the calls.

10. During several conversations with CitiFinancial, Plaintiffs provided CitiFinancial with their residential telephone number and directed CitiFinancial to remove their cellular numbers from the account.

11. The number assigned to Plaintiff Leonard King is his work phone number, and defendant was instructed not to contact Mr. King at his work phone number.

2

12. Despite being having been provided an alternative number to reach Plaintiffs and being instructed by Plaintiffs not to call their cellular numbers, CitiFinancial thereafter continued to place excessive calls to Plaintiffs' cellular telephones, for example, *five* times in one day on July 24, 2013.

13. A representative of Citibank stated to Plaintiffs on July 25, 2013 that Citi records showed they had been informed in March, 2013 of the revocation of consent to contact Plaintiffs via cell phone, and stated that North Carolina law allowed them to make 6 calls per day regardless.

14. The telephone numbers called by Defendant were assigned to a cellular telephone service for which Plaintiffs incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

16. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. After multiple revocations of prior consent the Defendants continued to attempt to contact the Plaintiffs by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. CitiFinancial placed calls to Plaintiffs' cellular telephones using an automated telephone dialer system ("ATDS") knowing that it lacked consent to call their numbers. As

3

such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 per call in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, *et seq.*

21. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Plaintiffs are a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

23. The Plaintiffs incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

24. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

25. The Defendant's conduct violated N.C. Gen.Stat. § 75-51(7) in that Defendant threatened to take action which was not intended to be taken, specifically to institute nonjudicial foreclosure proceedings.

26. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiffs in connection with the attempt to collect the Debt.

27. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiffs in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

28. The Defendant's conduct violated N.C. Gen. Stat. § 75-52(4) in that Defendant placed telephone calls or attempted to communicate with Plaintiff Leonard King, contrary to his instructions, at his place of employment.

29. The Defendant violated N.C. Gen. Stat. § 75-54 by deceptively representing that it was allowed under North Carolina law to call Plaintiffs on cellular phones using ADTS even after express consent to do so had been repeatedly revoked by Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen. Stat. § 75-56.

D. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 26, 2013

>Respectfully submitted,
>
>By:   */s/ Ruth M. Allen*
>
>    Ruth M. Allen, Esq.
>    Bar Number: 34739
>    7413 Six Forks Road, Suite 326
>    Raleigh, NC 27615
>    Email: rallen@lemberglaw.com
>    Telephone: (855) 301-2100 Ext. 5536
>    Facsimile: (888) 953-6237
>    Attorney for Plaintiff
>
>    Of Counsel To:
>
>    Sergei Lemberg, Esq.
>    LEMBERG & ASSOCIATES L.L.C.
>    1100 Summer Street, 3rd Floor
>    Stamford, CT 06905
>    Telephone: (203) 653-2250
>    Facsimile: (203) 653-3424